O’Toole, J.
The parties are before the court on cross motions for summaiy judgment in this declaratory judgment action. The controversy arises out of a decision by the defendant, City of Cambridge, to change the indemnity health insurance plan offered to retirees such as the plaintiffs.
BACKGROUND
Based on the submissions of the parties and oral argument, the following facts are undisputed.
Yetman and Gibson are retired Cambridge police officers. The other plaintiffs are their wives.[2] For some period of time prior to February 1, 1993, Yetman had been covered by a Blue Cross Blue Shield indemnity policy known as Master Health Plus. As of February 1, 1993, the City, due to escalating costs, stopped offering Master Health Plus to retirees. Master Health Plus was replaced by an indemnity plan called Basic Major Medical. Basic Major Medical was the only group indemnity plan offered to the plaintiffs after February 1, 1993. In addition, several HMO options were available. Out-of-state retirees were still offered a Master Health Plan because the HMOs were geographically based in Massachusetts. Yetman selected coverage under an HMO, Blue Cross Blue Shield Health Flex Blue.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues at to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving parly is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
Yetman’s claim is based on his assertion that the City’s failure to continue to offer Master Health Plus is a violation of G.L.c. 32B, §9 (1992 ed.). The applicable language of that statute reads as follows:
The policy or policies of insurance shall provide that upon retirement of an employee . . . the group general or blanket insurance providing hospital, surgical, medical, dental and other health insurance, . . . shall be continued.
G.L.c. 32B, §9.
Although this language may be fairly read to say that a plan in effect when an employee retires shall be continued after retirement, there is nothing in the language which supports Yetman’s contention that the statute requires that the city continue to offer the same indemnity plans or that retirees and employees be offered the same plans. See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Chatham, 404 Mass. 365, 368 (1989) (language in G.L.c. 32B, §3 referring to policy or policies of insurance gives the City discretion to decide to offer more than one policy to its employees).
The City has the responsibility to negotiate and purchase insurance on “such terms as it deems to be in the interest of [the city] and its employees.” G.L c. 32B, §3 (1992 ed.). Insurance contracts may be executed for period up to five years. Id.
Yetman’s position that the City, once it has provided coverage under Master Health Plus, must always provide that coverage is inconsistent with the express requirement that the city periodically negotiate insurance contracts. G.L.c. 32B, §3.
ORDER
It is therefore ORDERED that judgment enter declaring that the City of Cambridge is not required to offer Master Health Plus coverage to the plaintiffs.

 For the purpose of clarity all plaintiffs will be referred to in the singular as Yetman.